1
2
3
4
5
6
7

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| SOFTLINE HOME FASHIONS, INC., a Delaware Corporation, ) ) ) Plaintiff, ) ) vs. ) ) INTERNATIONAL ACE TEX, INC.; a California corporation, and Does 1 through 10, inclusive, ) ) ) ) Defendants. ) | CASE NO. CV 09-08892 DSF (PJWx) STIPULATED REQUEST FOR PROTECTIVE ORDER |

IT IS HEREBY STIPULATED by and between Plaintiff SOFTLINE HOME FASHIONS, INC. ("Plaintiff") and Defendant INTERNATIONAL ACE TEX, INC. ("Defendant") by and through their respective attorneys of record, that a protective order may be entered by this Court based on the following facts:

WHEREAS, discovery in this action requires the production and disclosure of information which has not been made public and which, if disclosed without an appropriate protective order, the parties believe in good faith will have the effect of causing harm to their respective competitive positions;

WHEREAS, the information referred to in the preceding paragraph consists of confidential, proprietary information belonging to the parties concerning financial

1  matters and internal business operations, including, without limitation, information and

2  documents regarding purchases and sales, production and other costs, revenues, profits,

3  vendors, distributors, customers, converters, inventories and design methods, and trade

4  secrets (defined in California Civil Code § 3426.1) (collectively "confidential informa-

5  tion"); and

6  WHEREAS, the parties agree to be bound by the protective order contemplated by

7  this stipulation retroactive to December 1, 2009.

8  NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, that the

9  following procedures shall govern the production and use of all documents, testimony,

10  and other information produced by any party or third party in connection with this action:

11  1.    Counsel for a party or a third party producing or furnishing information of

12  any nature in connection with this action ("the producing person") may designate as

13  "CONFIDENTIAL" any document, thing, deposition testimony, or other information that

14  the producing person, in good faith, believes to contain confidential information as

15  defined above, said definition being incorporated herein by reference. Except as other-

16  wise provided herein, such designation shall be made at the time that the confidential

17  information is produced or furnished by stamping each page of any such document or

18  other thing with the word "CONFIDENTIAL" in accordance with the terms hereof. Such

19  designations shall be made, where practical, by marking each page of a document, each

20  separate part or component of a thing, or each separate item of other information in a

21  conspicuous manner. If not practical to mark each page of a document, as in the case of

22  a bound publication, the cover of such document shall be so marked. If not practical to

23  so mark the material itself, a container for or a tag attached to the material shall be so

24  marked.

25  2.    All confidential information designated as "CONFIDENTIAL" shall be used

26  for the purpose of this action only and for no other purpose.

27  3.    Confidential information designated as "CONFIDENTIAL" shall not be

28  disclosed to any person except:

1          a.     Counsel of record for the parties and their members, partners,
2  associates, paralegals, support staff, and employees;

3          b.     Individual parties and employees of the parties whose participation
4  is essential to the prosecution or defense of this action;

5          c.     Court and court personnel;

6          d.     Experts or consultants retained or employed in good faith to assist a
7  party in the evaluation, prosecution, or defense of this action, provided that each such
8  expert or consultant agrees to be bound by the terms of the Protective Order issued
9  pursuant to this Stipulation and evidences his or her consent by executing the Certificate
10 attached as Exhibit A to the Protective Order issued pursuant to this Stipulation before
11 receiving any confidential information, provided that:

12         1)     the expert or consultant shall be disclosed to the party (or
13 parties) which designated the confidential information at least five (5) days before the
14 expert or consultant receives any confidential information;

15         2)     the disclosing party identifies the confidential information it
16 seeks to disclose;

17         3)     there is an opportunity to object to the disclosures, objection
18 to be made in good faith and not later than five (5) days after disclosure of the identity
19 of the expert or consultant to the party (or parties) which designated the confidential
20 information;

21         4)     if there is an objection to an expert or consultant receiving the
22 confidential information, disclosure will be permitted if the party seeking to disclose the
23 confidential information to its expert or consultant satisfies the burden of demonstrating
24 that:

25         (i)     the expert or consultant is qualified;

26         (ii)     the expert or consultant is not a competitor to the
27 producing party; and

28         (iii)     the expert or consultant has a genuine need to know the

type of information at issue in order to render his or her expert opinion;

    5) if the parties cannot resolve the objection by good faith negotiations, the aggrieved party may proceed by motion; and,

    6) disclosure of the expert or consultant pursuant to this section shall not require the party to use that expert or consultant at trial, nor shall it be a basis for discovery of the expert or consultant's work product. No reference can be made at the trial that a party disclosed information to an expert or consultant who did not testify at the trial.

    e. Any witness or deponent who is asked to testify about confidential information, provided that such witness or deponent is (a) an author or recipient of the confidential information or any other person who has actually viewed said material or has become aware of it in the ordinary course of business; or (b) the producing party consents to the disclosure of the confidential information to the witness or deponent, provided that each such person agrees to be bound by the terms of this Order and evidences his or her consent by executing the Certificate attached hereto before receiving confidential information. In the event the producing party withholds consent, the party who wishes to disclose may establish whether the party being deposed has relevant knowledge: (1) by foundational questions directed to whether the person being deposed actually was an author or recipient of the confidential information or a person who actually viewed said material or became aware of it in the ordinary course of business, or (2) by motion.

    4. To the extent that either confidential information or information contained in confidential information is used in the taking of depositions, such confidential information shall be subject to the Protective Order issued pursuant to this Stipulation, along with the transcript pages of the deposition testimony dealing with the confidential information.

    5. Procedure for optional Redaction of Documents to conceal Identifying Information.

1          a.    Documents and other tangible items ("documents") containing
2  confidential information comprising the names, addresses and other identifying
3  information pertaining to a party's business relations, including, without limitation,
4  vendor(s), converter(s), dealer(s) and customer(s) ("Identifying Information") may, at the
5  option of the party disclosing such information, be redacted to conceal the Identifying
6  Information.    The party producing documents containing redacted Identifying
7  Information shall submit in connection therewith a declaration by an officer of that party
8  producing the document(s) stating that the document(s) are genuine and to the best of
9  declarant's knowledge and belief that the information contained in the document(s) is
10  true and correct.

11          b.  The parties understand that some or all of the redacted Identifying
12  Information may be relevant to the subject matter of the litigation. For example, but not
13  to be construed as a limitation, the names of vendor(s), converter(s), dealer(s), and
14  customer(s) redacted may be necessary to verify that those entities actually were or are
15  vendor(s), converter(s), dealer(s), or customer(s) of the other party, or for the purpose of
16  deposing those entities to obtain additional information relevant to the relationship
17  between the entity and the party redacting the information. Redaction of the information
18  shall be without prejudice to the other party's right to seek that information. Counsel for
19  the parties shall negotiate in good faith to resolve whether the information should be
20  disclosed. If the redacted information is disclosed, it shall be subject to the Protective
21  Order issued pursuant to this Stipulation. If the negotiations do not resolve the issue, the
22  party requesting the information may proceed by motion.

23         6.    Any party who wishes to disclose confidential information to any person
24  other than as set forth in Paragraph 3 above and the Court and court personnel shall
25  provide the producing party at least five (5) business days' notice in writing identifying
26  both the person to whom the disclosure is proposed and the information that the party
27  proposes disclosing. Such disclosure shall not occur except (a) provided that each such
28  person agrees to be bound by the terms of the Certificate attached as Exhibit A to the

1  Protective Order issued pursuant to this Stipulation before receiving such confidential
2  information, and upon the written consent of the producing person, or (b) upon leave of
3  Court.

4      7.    Any document or other information (or part thereof) filed, lodged, or
5  otherwise submitted in connection with this action that refers to, comprises, is derived
6  from, or incorporates any confidential information shall be filed under seal only if
7  ordered by the Court on appropriate application in compliance with Local Rule 79-5. The
8  envelope should state on the outside that it contains confidential information and may not
9  be opened or the contents thereof revealed except by order of the Court or by the written
10 permission of the party who has designated the information contained therein as
11 confidential. Pending any ruling on an application to file something under seal, the item
12 shall be lodged under seal in compliance with Local Rule 79-5.

13     8.    The restrictions set forth in the Protective Order issued pursuant to this
14 Stipulation shall not apply to any document or other information that was properly in the
15 public domain or is acquired in good faith, without recourse to confidential information,
16 from a third party who had the right to disclose such information. Nothing herein shall
17 prevent either of the parties from disclosing publicly any of their own confidential
18 information as they deem appropriate, though such public disclosure operates to remove
19 any designation of confidential information in this action.

20     9.    The burden of proving that any document, thing, deposition testimony, or
21 other information contains confidential information is on the party claiming that the
22 information is confidential. Prior to designating any material as "CONFIDENTIAL," the
23 party must make a bona fide determination that the material is, in fact, confidential
24 information, the dissemination of which would damage the party's competitive position
25 or result in the disclosure of confidential information. If counsel for a receiving party
26 objects in good faith to the designation by the producing person of any document,
27 testimony, or other information as "CONFIDENTIAL", counsel for the receiving party
28 shall so notify counsel for the producing party, which notice shall identify the document,

STIPULATED REQUEST FOR PROTECTIVE ORDER

1  testimony, or other information, and set forth the reason for the objection, and identify
2  the person or entity to whom disclosure is proposed.  If the parties are unable to resolve
3  the disagreement to their mutual satisfaction, the party seeking to remove or reduce the
4  confidentiality designation of the information or document shall proceed pursuant to
5  Local Rule 37, including, without limitation, the filing of the requisite Joint Stipulation.
6  Until the motion is ruled upon, or the disagreement is otherwise resolved, the document,
7  testimony, or other information shall continue to be treated as designated.

8      10.    Nothing in the Protective Order issued pursuant to this Stipulation shall be
9  construed to constitute a waiver of any party's right: (a) to oppose discovery on any
10  ground; or (b) to object on any ground to the admission into evidence of any document,
11  testimony, or other information at the trial of the Action.  Any item produced prior to the
12  execution hereof by the Court and marked as "CONFIDENTIAL" shall not be disclosed
13  to anyone until such time as the Protective Order resulting from this Stipulation is
14  executed and then only in accordance herewith.

15      11.    During the pendency of this action and until 60 days thereafter, each side
16  shall maintain the originals of all signed Certificates on the form attached to the
17  Protective Order issued pursuant to this Stipulation as Exhibit A.  Within 60 days after
18  the termination of this action, or at such other time as the parties may subsequently agree,
19  each party shall either return or destroy all documents containing or reflecting
20  confidential information, including but not limited to originals, copies, summaries, and
21  excerpts of confidential information.  Notwithstanding the foregoing, counsel for each
22  party may retain their work product, such as pleadings, correspondence, memoranda, and
23  deposition transcripts which contain confidential information, provided that all such
24  information shall remain subject to the Protective Order issued pursuant to this
25  Stipulation and shall not be disclosed to any person except as provided by the Protective
26  Order.

27      12.    The Protective Order issued pursuant to this Stipulation shall not prejudice
28  a party's right to later seek to amend, modify, or change the terms of the Protective Order

STIPULATED REQUEST FOR PROTECTIVE ORDER

1   by written agreement of the parties (and relevant third parties, to the extent that their

2   interests are affected), or by Order of Court.

3       13.     This Stipulation may be executed by facsimile signature (or e-mail of an

4   executed signature page), and upon execution, shall be effective immediately, and shall

5   survive the conclusion of this action.  The Protective Order issued pursuant to this

6   Stipulation will be binding only on such parties and counsel who execute the same.

7   Signatories who receive documents shall not share them with non-signatory counsel until

8   they have executed this stipulation and order agreeing thereby to bind their clients to the

9   terms hereof;

10      14.     Nothing in the Protective Order issued pursuant to this Stipulation shall be

11  construed as requiring disclosure of privileged materials, materials subject to protection

12  under work product doctrine, or materials which are otherwise beyond the scope of

13  permissible discovery.

14      15.     Nothing in the Protective Order issued pursuant to this Stipulation shall be

15  construed as authorizing a party to disobey a lawful subpoena issued in another action,

16  provided, however, that the party to which or to whom the subpoena is directed gives the

17  party whose confidential information is sought by the subpoena notice of the subpoena

18  in sufficient time for the party whose confidential information is sought to be disclosed

19  to object to such disclosure. Disclosure shall not be made until the objections of the party

20  are resolved, either by agreement on appropriate protections for the confidential

21  information or by order of the court or other entity issuing the subpoena.

22      16.     No party shall be responsible to another for any use made of information

23  produced hereunder and not identified or designated as "CONFIDENTIAL".

24      17.     If a party determines or the parties determine that the Protective Order issued

25  pursuant to this Stipulation should be modified, the parties will discuss in good faith the

26  proposed modifications. If the parties agree, a revised Protective Order, or a Proposed

27  Order modifying the Protective Order, as the case may be, shall be submitted

28

1  to the Court. If no agreement can be reached, the party seeking the modification may

2  proceed by motion.

3

4  Dated: April 14, 2010                    RAPKIN GITLIN & BEAUMONT

5

6                                            By: _____ /larry f. gitlin/ _____

7                                            Larry F. Gitlin, Attorneys for Defendant
                                             INTERNATIONAL ACE TEX, INC.
8

9  Dated: April 17, 2010                    THE LAW OFFICES OF C. G. GORDON

10                                           MARTIN

11

12                                           By: _____ /c. g. gordon martin/ _____

13                                           C. G. GORDON MARTIN
                                             Attorneys for Plaintiff SOFTLINE
14                                           HOME FASHIONS, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

9

STIPULATED REQUEST FOR PROTECTIVE ORDER

## GOOD CAUSE STATEMENT

Good cause exists to preserve the confidentiality of the above-described confidential information from competitors and others in the textile and related trades to ensure that such confidential information is used only for purposes of this litigation and not otherwise used or disseminated.

Dated:  April 14, 2010                    RAPKIN GITLIN & BEAUMONT


                                          By:  _____ /larry f. gitlin/ _____
                                          Larry F. Gitlin, Attorneys for Defendant
                                          INTERNATIONAL ACE TEX, INC.

Dated:  April 17, 2010                    THE LAW OFFICES OF C. G. GORDON
                                          MARTIN


                                          By:  _____ /c. g. gordon martin/ _____
                                          C. G. GORDON MARTIN
                                          Attorneys for Plaintiff SOFTLINE
                                          HOME FASHIONS, INC.

**EXHIBIT A**

CERTIFICATE AND AGREEMENT

TO BE BOUND BY PROTECTIVE ORDER

The undersigned, on oath, deposes and states as follows:

1.   I, _____, do hereby acknowledge that I have been provided with a copy of the Stipulated Protective Order governing the treatment of confidential information produced by the parties or third parties in the case of <u>Softline Home Fashions, Inc. v. International Ace Tex, Inc.</u>, Case No. CV 09-08892DSF(PJWx) ("the Action").

2.   I have read and understand the Stipulated Protective Order and I hereby acknowledge that I am bound by it and agreed to abide by it, as if all promises and obligations in the Stipulated Protective Order were originally agreed to by me.  I agree that my signature below submits me to the jurisdiction of the Untied States District Court for the Central District of California in which the Action is filed.

3.   I further agree that I shall treat all information designated as CONFIDEN-TIAL in accordance with the terms of said Stipulated Protective Order.

4.   I further acknowledge that I may be held responsible for any failure on my part to comply with the provisions of the Stipulated Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _____ day of _____, 2010 at _____,

                                                                                    City

_____ .

           State
                              Signature:   _____

                              Printed Name:   _____

1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**
9                    **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
10                              **WESTERN DIVISION**

11   SOFTLINE HOME FASHIONS, INC.,   )   CASE NO. CV 09-08892 DSF (PJWx)
     a Delaware Corporation,          )
12                                     )
                  Plaintiff,           )   [PROPOSED] ORDER
13                                     )   RE STIPULATED REQUEST FOR
     vs.                               )   PROTECTIVE ORDER
14                                     )
     INTERNATIONAL ACE TEX, INC.; a   )
15   California corporation, and Does 1 )
     through 10, inclusive,            )
16                                     )
                  Defendants.          )
17   _____)

18

19          Having considered the stipulated request for protective order of the parties, and

20   good cause having been shown to demonstrate that the following procedures should

21   govern the production and use of all documents, testimony, and other information

22   produced by any party or third party in connection with this action;

23          IT IS HEREBY ORDERED, as follows:

24          1.      Counsel for a party or a third party producing or furnishing information of

25   any nature in connection with this action ("the producing person") may designate as

26   "CONFIDENTIAL" any document, thing, deposition testimony, or other information that

27   the producing person, in good faith, believes to contain confidential information as

28   defined above, said definition being incorporated herein by reference. Except as other-

---

                                          1

wise provided herein, such designation shall be made at the time that the confidential information is produced or furnished by stamping each page of any such document or other thing with the word "CONFIDENTIAL" in accordance with the terms hereof. Such designations shall be made, where practical, by marking each page of a document, each separate part or component of a thing, or each separate item of other information in a conspicuous manner. If not practical to mark each page of a document, as in the case of a bound publication, the cover of such document shall be so marked. If not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked.

2.    All confidential information designated as "CONFIDENTIAL" shall be used for the purpose of this action only and for no other purpose.

3.    Confidential information designated as "CONFIDENTIAL" shall not be disclosed to any person except:

a.    Counsel of record for the parties and their members, partners, associates, paralegals, support staff, and employees;

b.    Individual parties and employees of the parties whose participation is essential to the prosecution or defense of this action;

c.    Court and court personnel;

d.    Experts or consultants retained or employed in good faith to assist a party in the evaluation, prosecution, or defense of this action, provided that each such expert or consultant agrees to be bound by the terms of the Protective Order issued pursuant to this Stipulation and evidences his or her consent by executing the Certificate attached as Exhibit A to the Protective Order issued pursuant to this Stipulation before receiving any confidential information, provided that:

1)    the expert or consultant shall be disclosed to the party (or parties) which designated the confidential information at least five (5) days before the expert or consultant receives any confidential information;

2)    the disclosing party identifies the confidential information it

1    seeks to disclose;

2              3)    there is an opportunity to object to the disclosures, objection to
3    be made in good faith and not later than five (5) days after disclosure of the identity of
4    the expert or consultant to the party (or parties) which designated the confidential
5    information;

6              4)    if there is an objection to an expert or consultant receiving the
7    confidential information, disclosure will be permitted if the party seeking to disclose the
8    confidential information to its expert or consultant satisfies the burden of demonstrating
9    that:

10                  (i)    the expert or consultant is qualified;

11                  (ii)    the expert or consultant is not a competitor to the
12   producing party; and

13                  (iii)    the expert or consultant has a genuine need to know the
14   type of information at issue in order to render his or her expert opinion;

15             5)    if the parties cannot resolve the objection by good faith
16   negotiations, the aggrieved party may proceed by motion; and,

17             6)    disclosure of the expert or consultant pursuant to this section
18   shall not require the party to use that expert or consultant at trial, nor shall it be a basis
19   for discovery of the expert or consultant's work product.  No reference can be made at
20   the trial that a party disclosed information to an expert or consultant who did not testify
21   at the trial.

22             e.    Any witness or deponent who is asked to testify about confidential
23   information, provided that such witness or deponent is (a) an author or recipient of the
24   confidential information or any other person who has actually viewed said material or
25   has become aware of it in the ordinary course of business; or (b) the producing party
26   consents to the disclosure of the confidential information to the witness or deponent,
27   provided that each such person agrees to be bound by the terms of this Order and
28   evidences his or her consent by executing the Certificate attached hereto before receiving

[PROPOSED] PROTECTIVE ORDER

confidential information. In the event the producing party withholds consent, the party who wishes to disclose may establish whether the party being deposed has relevant knowledge: (1) by foundational questions directed to whether the person being deposed actually was an author or recipient of the confidential information or a person who actually viewed said material or became aware of it in the ordinary course of business, or (2) by motion.

4. To the extent that either confidential information or information contained in confidential information is used in the taking of depositions, such confidential information shall be subject to the Protective Order issued pursuant to this Stipulation, along with the transcript pages of the deposition testimony dealing with the confidential information.

5. Procedure for optional Redaction of Documents to conceal Identifying Information.

a. Documents and other tangible items ("documents") containing confidential information comprising the names, addresses and other identifying information pertaining to a party's business relations, including, without limitation, vendor(s), converter(s), dealer(s) and customer(s) ("Identifying Information") may, at the option of the party disclosing such information, be redacted to conceal the Identifying Information. The party producing documents containing redacted Identifying Information shall submit in connection therewith a declaration by an officer of that party producing the document(s) stating that the document(s) are genuine and to the best of declarant's knowledge and belief that the information contained in the document(s) is true and correct.

b. The parties understand that some or all of the redacted Identifying Information may be relevant to the subject matter of the litigation. For example, but not to be construed as a limitation, the names of vendor(s), converter(s), dealer(s), and customer(s) redacted may be necessary to verify that those entities actually were or are vendor(s), converter(s), dealer(s), or customer(s) of the other party, or for the purpose of

1   deposing those entities to obtain additional information relevant to the relationship
2   between the entity and the party redacting the information. Redaction of the information
3   shall be without prejudice to the other party's right to seek that information. Counsel for
4   the parties shall negotiate in good faith to resolve whether the information should be
5   disclosed. If the redacted information is disclosed, it shall be subject to the Protective
6   Order issued pursuant to this Stipulation. If the negotiations do not resolve the issue, the
7   party requesting the information may proceed by motion.

8        6.    Any party who wishes to disclose confidential information to any person
9   other than as set forth in Paragraph 3 above and the Court and court personnel shall
10  provide the producing party at least five (5) business days' notice in writing identifying
11  both the person to whom the disclosure is proposed and the information that the party
12  proposes disclosing. Such disclosure shall not occur except (a) provided that each such
13  person agrees to be bound by the terms of the Certificate attached as Exhibit A to the
14  Protective Order issued pursuant to this Stipulation before receiving such confidential
15  information, and upon the written consent of the producing person, or (b) upon leave of
16  Court.

17       7.    Any document or other information (or part thereof) filed, lodged, or
18  otherwise submitted in connection with this action that refers to, comprises, is derived
19  from, or incorporates any confidential information shall be filed under seal only if
20  ordered by the Court on appropriate application in compliance with Local Rule 79-5.
21  The envelope should state on the outside that it contains confidential information and
22  may not be opened or the contents thereof revealed except by order of the Court or by
23  the written permission of the party who has designated the information contained therein
24  as confidential. Pending any ruling on an application to file something under seal, the
25  item shall be lodged under seal in compliance with Local Rule 79-5.

26       8.    The restrictions set forth in the Protective Order issued pursuant to this
27  Stipulation shall not apply to any document or other information that was properly in the
28  public domain or is acquired in good faith, without recourse to confidential information,

from a third party who had the right to disclose such information. Nothing herein shall prevent either of the parties from disclosing publicly any of their own confidential information as they deem appropriate, though such public disclosure operates to remove any designation of confidential information in this action.

9.    The burden of proving that any document, thing, deposition testimony, or other information contains confidential information is on the party claiming that the information is confidential. Prior to designating any material as "CONFIDENTIAL," the party must make a bona fide determination that the material is, in fact, confidential information, the dissemination of which would damage the party's competitive position or result in the disclosure of confidential information. If counsel for a receiving party objects in good faith to the designation by the producing person of any document, testimony, or other information as "CONFIDENTIAL", counsel for the receiving party shall so notify counsel for the producing party, which notice shall identify the document, testimony, or other information, and set forth the reason for the objection, and identify the person or entity to whom disclosure is proposed. If the parties are unable to resolve the disagreement to their mutual satisfaction, the party seeking to remove or reduce the confidentiality designation of the information or document shall proceed pursuant to Local Rule 37, including, without limitation, the filing of the requisite Joint Stipulation. Until the motion is ruled upon, or the disagreement is otherwise resolved, the document, testimony, or other information shall continue to be treated as designated.

10.    Nothing in the Protective Order issued pursuant to this Stipulation shall be construed to constitute a waiver of any party's right: (a) to oppose discovery on any ground; or (b) to object on any ground to the admission into evidence of any document, testimony, or other information at the trial of the Action. Any item produced prior to the execution hereof by the Court and marked as "CONFIDENTIAL" shall not be disclosed to anyone until such time as the Protective Order resulting from this Stipulation is executed and then only in accordance herewith.

11.    During the pendency of this action and until 60 days thereafter, each side

1 | shall maintain the originals of all signed Certificates on the form attached to the
2 | Protective Order issued pursuant to this Stipulation as Exhibit A. Within 60 days after
3 | the termination of this action, or at such other time as the parties may subsequently agree,
4 | each party shall either return or destroy all documents containing or reflecting
5 | confidential information, including but not limited to originals, copies, summaries, and
6 | excerpts of confidential information. Notwithstanding the foregoing, counsel for each
7 | party may retain their work product, such as pleadings, correspondence, memoranda, and
8 | deposition transcripts which contain confidential information, provided that all such
9 | information shall remain subject to the Protective Order issued pursuant to this
10 | Stipulation and shall not be disclosed to any person except as provided by the Protective
11 | Order.

12 |     12.    The Protective Order issued pursuant to this Stipulation shall not prejudice
13 | a party's right to later seek to amend, modify, or change the terms of the Protective Order
14 | by written agreement of the parties (and relevant third parties, to the extent that their
15 | interests are affected), or by Order of Court.

16 |     13.    This Stipulation may be executed by facsimile signature (or e-mail of an
17 | executed signature page), and upon execution, shall be effective immediately, and shall
18 | survive the conclusion of this action. The Protective Order issued pursuant to this
19 | Stipulation will be binding only on such parties and counsel who execute the same.
20 | Signatories who receive documents shall not share them with non-signatory counsel until
21 | they have executed this stipulation and order agreeing thereby to bind their clients to the
22 | terms hereof;

23 |     14.    Nothing in the Protective Order issued pursuant to this Stipulation shall be
24 | construed as requiring disclosure of privileged materials, materials subject to protection
25 | under work product doctrine, or materials which are otherwise beyond the scope of
26 | permissible discovery.

27 |     15.    Nothing in the Protective Order issued pursuant to this Stipulation shall be
28 | construed as authorizing a party to disobey a lawful subpoena issued in another action,

provided, however, that the party to which or to whom the subpoena is directed gives the party whose confidential information is sought by the subpoena notice of the subpoena in sufficient time for the party whose confidential information is sought to be disclosed to object to such disclosure. Disclosure shall not be made until the objections of the party are resolved, either by agreement on appropriate protections for the confidential information or by order of the court or other entity issuing the subpoena.

16.   No party shall be responsible to another for any use made of information produced hereunder and not identified or designated as "CONFIDENTIAL".

17.   If a party determines or the parties determine that the Protective Order issued pursuant to this Stipulation should be modified, the parties will discuss in good faith the proposed modifications. If the parties agree, a revised Protective Order, or a Proposed Order modifying the Protective Order, as the case may be, shall be submitted to the Court. If no agreement can be reached, the party seeking the modification may proceed by motion.

IT IS SO ORDERED.

Dated:  April 22, 2010

HON. PATRICK J. WALSH
U.S. MAGISTRATE JUDGE

[PROPOSED] PROTECTIVE ORDER

**EXHIBIT A**

CERTIFICATE AND AGREEMENT

TO BE BOUND BY PROTECTIVE ORDER

The undersigned, on oath, deposes and states as follows:

1.     I, _____, do hereby acknowledge that I have been provided with a copy of the Stipulated Protective Order governing the treatment of confidential information produced by the parties or third parties in the case of <u>Softline Home Fashions, Inc.</u> <u>v. International Ace Tex, Inc.</u>, Case No. CV 09-08892DSF(PJWx) ("the Action").

2.     I have read and understand the Stipulated Protective Order and I hereby acknowledge that I am bound by it and agreed to abide by it, as if all promises and obligations in the Stipulated Protective Order were originally agreed to by me.  I agree that my signature below submits me to the jurisdiction of the Untied States District Court for the Central District of California in which the Action is filed.

3.     I further agree that I shall treat all information designated as CONFIDEN-TIAL in accordance with the terms of said Stipulated Protective Order.

4.     I further acknowledge that I may be held responsible for any failure on my part to comply with the provisions of the Stipulated Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _____ day of _____, 2010.

Signature:

_____

Print Name: _____

9

[PROPOSED] PROTECTIVE ORDER